IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| FRANKLIN TUCK MCVAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-00521 |
| ) | |
| DR. WILLIAM GOODE, ) | |
| ) | |
| Defendant. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's "Motion to Dismiss Without Prejudice and/or Leave to Amend Pursuant to Rule 41(b) of the Fed. R. Civ. P." (Document No. 23), filed on December 9, 2019. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

**FACTUAL AND PROCEDURAL HISTORY**

On August 12, 2019, Plaintiff filed his Amended Complaint alleging violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 11.) Plaintiff names Dr. William Goode as the sole Defendant. (Id.) Plaintiff alleges that Defendant Goode violated his constitutional rights by inserting a catheter in his urinary track to obtain a sample of urine for drug testing without obtaining contest or providing Plaintiff the opportunity to voluntarily urinate. (Id.) Specifically, Plaintiff states as follows:

> (Medical Physician) William Goode did the following: While being forcefully restrained to a medical stretcher, I was then injected with an unknown drug and stripped of all clothing except underwear. Then William Goode, with unconsented and refused permission, proceeded in grabbing my genital appendage (penis) while inserting a straight catheter for an unconsented drug test. No choice or opportunity to voluntarily urinate on my own free will was given.

(Id., p. 4.) As relief, Plaintiff requests monetary damages and "to press [criminal] charges against William Goode."[1] (Id., p. 5.)

By Order entered on August 27, 2019, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon receipt of Plaintiff's initial partial payment of the filing fee. (Document No. 14.) Plaintiff paid his initial partial payment of the filing fee on September 12, 2019, and the Clerk issued process on the same day. (Document Nos. 15 and 16.) When a federal employee is sued in his or her individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, the party must serve both the United States *and* the officer or employee pursuant to Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). Rule 4(e)(2) requires that an individual be served by delivery of a copy of the Summons to the individual personally, by leaving a copy at the individual's dwelling with someone of suitable age, or by serving an authorized agent. Fed. R. Civ. P. 4(e). The Summons was returned executed for the United States on September 18 and 20, 2019. (Document Nos. 17 and 19.) The Summons for William Goode was returned executed on September 18, 2019.

---

[1] It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, Plaintiff has no right to initiate criminal proceedings against Defendant Goode. *Young v. Herald*, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); *Kennedy v. Anderson*, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and *Dixon v. State of Maryland*, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); *Inmates of Attica Correctional Facility v. Rockefeller*, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney).

(Document No. 18.) On October 15, 2019, the United States filed a "Suggestion of Death" revealing that William Goode passed away on March 7, 2019. (Document No. 20.)

On November 15, 2019, the United States filed a "Motion for Extension or Relief From Docket Entry Setting an Answer Date" requesting "[t]o the extent that the 'Set Answer Deadline for William Goode: 11/15/2019' establishes a date for a response by defendant William Goode, the United States requests an extension of time to respond until sixty (60) days after service upon an authorized representative of decedent or otherwise be relieved from the same." (Document No. 21.) In support of the Motion, the United States asserted as follows: (1) Plaintiff's Amended Complaint sets forth an individual capacity claim against William Goode pursuant to Bivens; (2) The Summons issued by the Court was delivered via certified mail to FCI McDowell and was received by K. Bostic on September 18, 2019; (3) Upon return of the signed Certified Receipt card, the Clerk entered an "Set Answer Deadline for William Goode: 11/15/2019;" (4) William Goode passed away on March 27, 2019; (5) On October 15, 2019, the United States filed a "Suggestion of Death" noting William Goode's death; and (6) "At the time of receipt of the Summons, William Goode, due to this death, was no longer an employee at FCI McDowell, nor did he authorize FCI McDowell to accept service on his behalf." (Id.) By Order entered on November 18, 2019, the undersigned determined that the above service upon William Goode was improper, vacated the "Summons Returned Executed" for William Goode, and granted the United States' above Motion. (Document No. 22.) The undersigned further ordered as follows (Id.):

> Plaintiff shall provide the Court with identifying information, including an address for service of process, for an authorized representative for William Goode by **December 19, 2019**. Failure of Plaintiff to provide the Court with the above information by December 19, 2019, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

On December 9, 2019, Plaintiff filed his "Motion to Dismiss Without Prejudice and/or Leave to Amend Pursuant to Rule 41(b) of the Fed. R. Civ. P." (Document No. 23.) Plaintiff states that he "can NOT satisfy the Court and/or meet the obvious burden of 'identifying' and authorized representative of decedent, Dr. William Joseph Goode." (Id.) Plaintiff requests that his "motion be granted so that I can 'refile' said Complaint against the 'proper' party in this matter." (Id.)

## **ANALYSIS**

Based upon a review of Plaintiff's "Motion to Dismiss Without Prejudice and/or Leave to Amend Pursuant to Rule 41(b) of the Fed. R. Civ. P." (Document No. 23), the undersigned finds that the Motion should be construed as a Motion for Voluntary Dismissal pursuant to Rule 41(a). Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D.

384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

The undersigned finds that the above case is in the early stage of the ligation. Defendant William Goode has not been served with process and thus, he has neither filed an Answer nor otherwise pled. The undersigned finds no excessive delay on the part of Plaintiff and Plaintiff sets forth a sufficient explanation for dismissal. Accordingly, the undersigned respectfully recommends that Plaintiff's "Motion to Dismiss Without Prejudice and/or Leave to Amend Pursuant to Rule 41(b) of the Fed. R. Civ. P."[2] (Document No. 23) be viewed under Federal Rule of Civil Procedure 41(a)(2) and that the instant civil action be dismissed without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **CONSTRUE**

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Plaintiff's "Motion to Dismiss Without Prejudice and/or Leave to Amend Pursuant to Rule 41(b) of the Fed. R. Civ. P." (Document No. 23) as a Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) and **GRANT** the Motion for Voluntary Dismissal, **DISMISS** Plaintiff Complaints (Document Nos. 2 and 11) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: December 12, 2019.

Omar J. Aboulhosn
United States Magistrate Judge